Cross-Complainants
WILLIAM B STEWART, III
In Proper Persona
2094 El Camino Real #218
Santa Clara, CA 95050
Facsimile:   408-453-0530 (Call first)

DR. WILLIAM B. STEWART, JR
WILLIAM B. STEWART, IV
JENN STEWART
LANCE ARTHUR STEWART
SHAENA A. STEWART
c/o WILLIAM B. STEWART, III

ROSALIE A. GUANCIONE
In Proper Persona
15732 Los Gatos Blvd #410
Los Gatos, CA 95032
Facsimile:   408-453-0530 (Call first)

RECEIVED

08 JUN 17 AM 8: 10

FILED

RICHARD W. WIEKING CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

JUN 1 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT FOURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

STEWART UNIVERSITY OF AMERICA
2094 El Camino Real #218
Santa Clara, CA 95050

LARKSPUR
15732 Los Gatos Blvd #410
Los Gatos, CA 95032

GENERAL INNOVATIONS WEST, INC. ROYAL HOUSE OF STEWART CORP., INC.
2094 El Camino Real #218              15732 Los Gatos Blvd #410
Santa Clara, CA 95050                 Los Gatos, CA 95032

UNITED STATES DISTRICT COURT
Northern District of California
San Jose Division
280 So First Street #3035
San Jose, CA 95113-3099

| | |
|---|---|
| William B Stewart, III | ) Stewart vs. Sordelli DBA SF Police CU |
| Rosalie A. Guancione | ) Fed. Case #C08 02143 |
| William B Stewart, IV | ) former Calif. Case No. 1-07-CV-089409 |
| Jenn Stewart          ) | |
| Lance A Stewart | ) CROSS COMPLAINT |
| Dr. William B Stewart, Jr. | ) DEMAND FOR JURY TRIAL |
| Rosalie M. Stewart | ) |
| Shaena A. Stewart | ) COMPLAINT FOR DAMAGES, |
| Stewart University of America (A Corp. ) | (42 U.S.C. § 1983; Federal Tort Claims Act, |

| | | |
|---|---|---|
| of the District of Columbia) | ) | 18 U.S.C. Impeding Commerce) |
| General Innovations West, Inc. (A Corp. | ) | |
| of Nevada) | ) | COMPLAINT FOR VIOLATION OF CIVIL |
| Royal House of Stewart Corporation, Inc.) | | RIGHTS (INCLUDING FREEDOMS OF |
| (A Corp. of the Federation of | ) | FIRST AMENDMENT, FOURTH |
| St. Kitts and Nevis) | ) | AMENDMENT, FIFTH AMENDMENT, |
| Larkspur (Div. of Gen. Innov. West, Inc.)) | | FOURTHEENTH AMENDMENT, CRUEL |
| John Does 1-50 | ) | AND UNUSUAL PUNISHMENT, |
| Cross-Complainants | ) | REFUSAL TO |
| | ) | GRANT PETITION OF HABEUS CORPUS, |
| vs. | ) | UNREASONABLE BAIL, LACK OF DUE |
| | ) | PROCESS, FRAUD AND |
| Michael R Sordelli, President / CEO | ) | MISREPRESENTATION AS JUDGE BY |
| DBA-S.F. Police Credit Union | ) | SUPERIOR COURT COMMISSIONER, |
| Michael R Sordelli | ) | ILLEGAL SEARCH AND SEIZURE, |
| San Francisco Police Credit Union | ) | FALSE IMPRISONMENT, |
| Ms. Debbie De Filippo | ) | KIDNAPPING, FALSE ARREST, AND |
| City of San Mateo | ) | DISRUPTION OF QUIET ENJOYMENT IN |
| | ) | HOME, TERRORIZING, INVASION OF |
| Councilperson Brant Grotte | ) | PRIVACY, WIRETAP, |
| Councilperson Jon Lee | ) | UNTIMELY ARRAIGNMENT WITHOUT |
| Councilperson Jan Epstein | ) | DISMISSAL OF CASE, PROSECUTION |
| Mayor and Councilman Jack Matthews | ) | WITH FALSE TESTIMONY, |
| Councilperson Carol Groom | ) | AND VIOLATION |
| City of San Mateo Police Department | ) | OF OTHER RIGHTS) |
| Susan Manheimer, City of San Mateo | ) | |
| Police Chief | ) | COMPLAINT FOR BREACH OF |
| Detective and Sergeant Scott Miller | ) | CONTRACT AND FRAUD COMMITTED |
| Det. Dave Peruzarro | ) | BY CREDITOR |
| Det. Stewart | ) | (U.C.C. ARTICLE 3-603, 604, and 15 U.S.C |
| County of San Mateo | ) | 1692g and 1692c(c), Fair Debt Collection |
| President and Supervisor Adrienne J. | ) | Practices) |
| Tissier | ) | |
| Vice Pres and Supervisor Mark Church | ) | COMPLAINT FOR SLANDER AND LIBEL |
| Supervisor Jerry Hill | ) | |
| Supervisor Richard S. Gordon | ) | COMPLAINT FOR FALSE TESTIMONY |
| Supervisor Rose Jacobs | ) | AND FALSE REPORTING |
| San Mateo County Dept. of Corrections | ) | |
| Judge Gerald Buchwald | ) | COMPLAINT FOR IMPEDING |
| (Ret.) Commissioner Joseph Gruber | ) | COMMERCE (18 U.S.C.) |

CROSS-COMPLAINT, Stewart v Sordelli dba SFPCU, Case #C08 02143,
United States District Court, Northern District of California, San Jose Division

| | |
|---|---|
| San Jose City Police Department | ) |
| San Jose City Police Chief Rob Davis | ) |
| City of San Jose | ) |
| Mayor and Councilperson Chuck Reed | ) COMPLAINT FOR EXEMPLARY AND |
| Councilperson Pierluigi Oliverio | ) PUNITIVE DAMAGES AGAINST |
| Councilperson Pete Constant | ) CREDITOR |
| Councilperson Madison Nguyen | ) (EMOTIONAL ABUSE, CIVIL RIGHTS, |
| Vice Mayor and Councilperson David | ) CREDITOR LAWS, LIBEL, SLANDER, |
| D. Cortese | ) OTHER ABUSES) |
| Councilperson Sam Liccardo | ) |
| Councilperson Judy Chirco | ) |
| Councilperson Kansen Chu | ) COMPLAINT FOR RELIEF FROM |
| Councilperson Nancy Pyle | ) CREDITOR CLAIMS |
| Councilperson Nora Campos | ) |
| County of Santa Clara | ) |
| Judge Paul Bernal | ) |
| Santa Clara County Dept. of Corrections | ) |
| Supervisor Donald F. Gage | ) |
| Supervisor Pete McHugh | ) |
| Supervisor Liz Kniss | ) |
| Supervisor Blanca Alvarado | ) |
| Supervisor Ken Yeager | ) |
| Scheer Law Group, LLP | ) |
| Mr Spencer P. Scheer (personally) | ) |
| Mr Jonathon Seigel (personally) | ) |
| John Does 1-99 | ) |
| Cross-defendants | ) |
| | ) |

## COMPLAINT FOR DAMAGES

(Assault and Battery, False Arrest, False Imprisonment, Negligence, Violation of First Amendment, Fourth Amendment and Fourteenth Amendment Rights)

### INTRODUCTORY STATEMENT

1. This is an action for damages sustained by citizens of the United States, and corporations both of the United States and outside the United States, against police officers of the San Mateo City Police Department, and police officers of the San Jose Police Department, who unlawfully performed a home invasion, unlawfully arrested, assaulted and battered, prosecuted, and harassed the plaintiffs.

2. The action is against the San Mateo City Police Chief as the supervisory officer responsible for the conduct of the Cross-defendants and for the Police Chief's failure to take corrective action with respect to police personnel whose vicious propensities were notorious, to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct, which is sued as a person under 42 U.S.C. § 1983.

3. The action is against the San Jose Police Chief as the supervisory officer responsible for the conduct of the Cross-defendants and for the Police Chief's failure to take corrective action with respect to police personnel whose vicious propensities were notorious, to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct, which is sued as a person under 42 U.S.C. § 1983.

4. The action is against the city, and city council members of the City of San Mateo, who were notified in writing, in advance of the most serious behavior and conduct perpetrated by police officers of the City of San Mateo, as the supervisory government officers responsible for the conduct of the Cross-defendants and for the city councilperson's failure to take corrective action with respect to police personnel whose vicious propensities were notorious, to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct, and against the County of San Mateo and County Supervisors as the employer of the Department of Corrections personnel and the Judiciary of the County of San Mateo, which is/are sued as a person under 42 U.S.C. § 1983.

5. The action is against the city, and city council members of the City of San Jose, whose police officers both observed and were participants in the actions of the San Mateo Police within Santa Clara County in the City of San Jose, as the supervisory government officers responsible for the conduct of the Cross-defendants and for the city councilperson's failure to take corrective action with respect to police personnel whose vicious propensities were notorious, and failure to assure proper training and supervision of the personnel, or failure to implement meaningful procedures to discourage lawless official conduct, and against the County of Santa Clara and County Supervisors as the employer of the Department of Corrections personnel and the Judiciary of the County of Santa Clara, which is/are sued as a person under 42 U.S.C. § 1983.

JURY DEMANDED
JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and the First, Fourth, Eight, and Fourteenth Amendments to the Constitution of the United States. This case is brought for violations of Constitutional and Civil Rights which is a justification for elevation to the United States District Court.

7. This action is also brought pursuant to 15 U.S.C. §§ 1692g, and 1692c(c) and the First, Fourth, Eight, and Fourteenth Amendments to the Constitution of the United States. This case is brought for violations of Constitutional and Civil Rights which is a justification for elevation to the United States District Court.

8. This Court has subject matter jurisdiction of the action under 28 U.S.C. §§ 1331, 1343(a)(3), (4), 1336(a), the First and Fourth Amendments of the United States Constitution, and the Federal Tort Claims Act. This case is brought for violations of Constitutional and Civil Rights which is a justification for elevation to the United States District Court.

9. This Court may also exercise supplemental jurisdiction over the plaintiff's state law claims that arise from the same facts and circumstances under 28 U.S.C. § 1367.

10. On May 6, 2008, cross-complainant submitted Administrative Claims on Forms used by the respective governmental agencies, Claim for Damage, Injury, or Death, to the City of San Jose, City of San Mateo, for actions of their respective city, city council, city council persons, city police departments and city policemen. These claims have been either ignored or denied.

11. On May 6, 2008, cross-complainant submitted Administrative Claims on Forms by the respective governmental agencies, Claim for Damage, Injury, or Death, to the County of Santa Clara, and County of San Mateo, for actions of their respective county, county board of supervisors, county supervisors, Superior Court Judiciary, and Department of Corrections. These claims have been either ignored or denied.

## PARTIES

12. Cross-Complainants are:

    a. William B. Stewart, III, a resident of San Jose, and at all times relevant to the allegations of this cross-complaint and is a citizen of the United States, and a resident of Santa Clara County, California.

b. Lance A. Stewart, a son of William B. Stewart, III, a resident of San Jose, and at all times relevant to the allegations of this cross-complaint and is a citizen of the United States, and a resident of Santa Clara County, California.

c. Rosalie A. Guancione, a resident of San Jose, and at all times relevant to the allegations of this cross-complaint and is a citizen of the United States, and a resident of Santa Clara County, California.

d. William B. Stewart, IV, a son of William B. Stewart, III, and a resident of the State of Colorada, and at all times relevant to the allegations of this cross-complaint a citizen of the United States, and a resident of Denver. William Bullock Stewart IV is considered a resident of the State of Colorada for the purposes of this complaint, creating justification for a diversity jurisdiction elevation to United States District Court.

e. Jenn Stewart, wife of William B. Stewart, IV, and a resident of the State of Colorada, and at all times relevant to the allegations of this cross-complaint a citizen of the United States, and a resident of Denver. Jenn Stewart IV is considered a resident of the State of Colorada for the purposes of this complaint, creating justification for a diversity jurisdiction elevation to United States District Court.

f. Dr. William B. Stewart, Jr., a resident of Port Hueneme, California, and at all times relevant to the allegations of this cross-complaint a citizen of the United States, and a resident of Ventura County, California.

g. Stewart University of America, a non-profit institution, 501(c)(3), charitable educational Corporation, incorporated in the District of Columbia, and existed at all times relevant to the allegations of this cross-complaint after May 24, 2007, and is a person under the law of the United States, whose Officers and Directors include William B. Stewart, III, and Rosalie A. Guancione. Stewart University of America is considered a resident of the District of Columbia for the purposes of this complaint, creating justification for a diversity jurisdiction elevation to United States District Court.

h. General Innovations West, Inc., a Corporation, incorporated in the State of Nevada, and existed at all times relevant to the allegations of this cross-complaint, and is a person under the law of the United States, whose Officers and/or Directors include Rosalie A. Guancione. General Innovations West, Inc. is considered a resident of the State of Nevada for the purposes of this complaint,

CROSS-COMPLAINT, Stewart v Sordelli dba SFPCU, Case #C08 02143,
United States District Court, Northern District of California, San Jose Division

creating justification for a diversity jurisdiction elevation to United States District Court.

    i.  General Innovations West, LLC (dba Larkspur), a division of General Innovations West, Inc., a California LLC Corporation, and at all times relevant to the allegations of this cross-complaint in existence as Larkspur, and is a person under the law of the United States.

    j.  Royal House of Stewart Corporation, Inc., a Corporation of the Commonwealth Federation of St. Kitts and Nevis, West Indies, an exempt corporation under SEC rules, and existed at all times relevant to the allegations of this cross-complaint after February 6, 2007, and is a person under the law of the United States, whose Officers and Directors include General Innovations West, Inc., William B. Stewart, III, and Rosalie A. Guancione. Royal House of Stewart Corporation, Inc., is considered a resident of the Federation of St. Kitts and Nevis for the purposes of this complaint, creating justification for a diversity jurisdiction elevation to United States District Court.

13. Cross-defendants are sued under the Federal Tort Claims Act for assault and battery, false arrest, false imprisonment, slander, libel, fraud, false testimony, malicious prosecution, denial of due process, home invasion, invasion of privacy, interference with quiet enjoyment, cruel and unusual punishment, conspiracy, federal organized crime RICO statutes, negligence and other civil rights violations by Cross-defendant law enforcement officers of the Cross-defendant cities of San Jose and San Mateo, and corrections officers of the Cross-defendant counties of Santa Clara and San Mateo, Cross-defendant judges of the Sup. Ct. of California, in Cross-defendant San Mateo County and in Cross-defendant Santa Clara County.

14. At all times relevant to this action, Cross-defendant Detective Scott Miller was a police officer employed by the Cross-defendant San Mateo City Police Department to perform duties in the Cross-defendant City of San Mateo and was assigned to the detective unit.

    a.  At all relevant times, this Cross-defendant was acting as the agent, servant, and employee of Cross-defendant County of San Mateo.

    b.  This Cross-defendant is sued individually and in his official capacity.

15. Cross-defendants are sued under the Federal Tort Claims Act for conspiracy, federal organized crime RICO statutes, breach of contract, fraud, slander, libel, false testimony, false reporting, malicious prosecution, invasion of privacy, interference with quiet

Page 7 of 25

CROSS-COMPLAINT, Stewart v Sordelli dba SFPCU, Case #C08 02143,
United States District Court, Northern District of California, San Jose Division

enjoyment, negligence and other civil rights violations by the agents, officers, servants and employees of the Cross-defendant San Francisco Police Credit Union within the County of San Francisco, and Cross-defendant Counties of Santa Clara and San Mateo, California.

16. At all times relevant to this action, Cross-defendant Michael R. Sordelli, President / CEO, was a corporate officer employed by the San Francisco Police Credit Union to perform corporate duties.

    a. At all relevant times, this Cross-defendant was acting as the agent, servant, and employee of Cross-defendant San Francisco Police Credit Union.

    b. This Cross-defendant is sued individually and in his official capacity.

17. At all times relevant to this action, Cross-defendant Ms. Debbie De Filippo was employed by the San Francisco Police Credit Union.

    a. At all relevant times, this Cross-defendant was acting as the agent, servant, and employee of cross-defendant San Francisco Police Credit Union.

    b. This Cross-defendant is sued individually and in her official capacity.

18. At all times relevant to this action, Cross-defendant Mr. Jonathon Seigel was an agent, servant or employee of the San Francisco Police Credit Union.

    a. At all relevant times, this Cross-defendant was acting as the agent, servant, and employee of cross-defendant San Francisco Police Credit Union.

    b. This Cross-defendant is sued individually and in his official capacity.

19. At all times relevant to this action, Cross-defendant Mr. Spencer P. Scheer was an agent, servant or employee of the San Francisco Police Credit Union.

    a. At all relevant times, this Cross-defendant was acting as the agent, servant, and employee of cross-defendant San Francisco Police Credit Union.

    b. This Cross-defendant is sued individually and in his official capacity.

20. At all times relevant to this action, Cross-defendant Scheer Law Group, LLP was employed by the San Francisco Police Credit Union.

   a. At all relevant times, this Cross-defendant was acting as the agent, servant, and employee of cross-defendant San Francisco Police Credit Union.

   b. This Cross-defendant is sued individually and in it's official capacity.

21. At all times relevant to this action, cross-defendant Judge Paul Bernal was a Judge of the Superior Court of California in Santa Clara, who failed to act timely on a Petition for Writ of Habeas Corpus, employed by the County of Santa Clara to perform judicial duties in the City of San Jose and was assigned to the Sup. Ct. of Calif., County of Santa Clara.

   a. At all relevant times, this cross-defendant was acting as the agent, servant, and employee of cross-defendant County of Santa Clara.

   b. This cross-defendant is sued individually and in his official capacity.

22. At all times relevant to this action, cross-defendant Gerald Buchwald was a Judge of the Superior Court of California in San Mateo, who issued the unjustified and illegal arrest warrant and set the unreasonable bail, employed by the County of San Mateo to perform judicial duties in the City of South San Francisco and was assigned to the South San Francisco Division of the Sup. Ct. of Calif., County of San Mateo.

   a. At all relevant times, this cross-defendant was acting as the agent, servant, and employee of cross-defendant County of San Mateo.

   b. This cross-defendant is sued individually and in his official capacity.

23. At all times relevant to this action, cross-defendant Joseph Gruber was a retired Commissioner, acting and representing himself as a Judge of the Superior Court of California, County of San Mateo, who conducted the first arraignment hearing 57 hours after arrest and refused to throw out the charges for lack of timely arraignment, or lower the unreasonable bail, employed by the County of San Mateo to perform judicial duties in Redwood City and was assigned to the Redwood City Division of the Sup. Ct. of Calif., County of San Mateo.

   a. At all relevant times, this cross-defendant was acting as the agent, servant, and employee of cross-defendant County of San Mateo.

   b. This cross-defendant is sued individually and in his official capacity.

24. At all times relevant to this action, cross-defendant Chuck Reed was the Mayor, employed by the City of San Jose to perform administrative, legislative and oversight duties in the City of San Jose and was assigned to the City Council.

   a. At all relevant times, this cross-defendant was acting as the agent, servant, and employee of cross-defendant City of San Jose.

   b. This cross-defendant is sued individually and in his official capacity.

25. At all times relevant to this action, cross-defendant David D. Cortese was the Vice Mayor, employed by the City of San Jose to perform administrative, legislative and oversight duties in the City of San Jose and was assigned to the City Council.

   a. At all relevant times, this cross-defendant was acting as the agent, servant, and employee of cross-defendant City of San Jose.

   b. This cross-defendant is sued individually and in his official capacity.

26. At all times relevant to this action, cross-defendants Pierluigi Oliverio, Pete Constant, Madison Nguyen, Sam Liccardo, Judy Chirco, Forrest Williams, Nancy Pyle, Nora Campos, and Kansen Chu, were City Councilmembers, employed by the City of San Jose to perform administrative, legislative and oversight duties in the City of San Jose and were assigned to the City Council.

   a. At all relevant times, these cross-defendants were acting as the agents, servants, and employees of cross-defendant City of San Jose.

   b. These cross-defendants are sued individually and in each of their official capacities.

27. At all times relevant to this action, cross-defendant San Jose Police Officers (John Does) were police officers employed by the City of San Jose Police Department, with issued badge numbers unknown. These cross-defendants identities are currently unknown to and undiscoverable yet by Cross-Complainants. The Cross-Complainants will amend this complaint to state the true name of each "John Doe" as soon as possible. Each "John Doe" was assigned to the San Jose Police Department in Santa Clara County.

    a. At all relevant times, these cross-defendants were acting as the agents, servants, and employees of cross-defendant City of San Jose.

    b. These cross-defendants are sued individually and in their official capacities.

28. The cross-defendant City of San Jose is a municipal corporation within the State of California and, at all times relevant to this action, it employed other cross-defendant's in this action.

29. At all times relevant to this action, cross-defendants Donald F. Gage, Pete McHugh, Liz Kniss, Blanca Alvarado, and Ken Yeager were members of the County Board of Supervisors, employed by the County of Santa Clara to perform administrative, legislative and oversight duties in the County of Santa Clara.

    a. At all relevant times, these cross-defendants were acting as the agent, servant, and employee of cross-defendant County of Santa Clara.

    b. These cross-defendants are each sued individually and in their (his/her) official capacity.

30. The cross-defendant County of Santa Clara is a municipal corporation within the State of California and, at all times relevant to this action, it employed other cross-defendant's in this action.

31. At all times relevant to this action, Cross-defendant San Jose Police Chief Rob Davis was police chief, employed by the City of San Jose to perform administrative and oversight duties in the City of San Jose and was assigned to the police department.

    a. At all relevant times, this Cross-defendant was acting as the agent, servant, and employee of cross-defendant City of San Jose.

    b. This Cross-defendant is sued individually and in his official capacity.

32. At all relevant times and in all their actions, the police officer cross-defendants from the City of San Jose were acting under color of law and pursuant to their authority as police personnel.

33. At all times relevant to this action, cross-defendant Jack Matthews was the Mayor, employed by the City of San Mateo to perform administrative, legislative and oversight duties in the City of San Mateo and was assigned to the City Council.

    a. At all relevant times, this cross-defendant was acting as the agent, servant, and employee of cross-defendant City of San Mateo.

    b. This cross-defendant is sued individually and in his official capacity.

34. At all times relevant to this action, cross-defendant Carol Groom was the Deputy Mayor, employed by the City of San Mateo to perform administrative, legislative and oversight duties in the City of San Mateo and was assigned to the City Council.

    a. At all relevant times, this cross-defendant was acting as the agent, servant, and employee of cross-defendant City of San Mateo.

    b. This cross-defendant is sued individually and in his official capacity.

35. At all times relevant to this action, cross-defendant Brandt Grotte was a City Councilman, employed by the City of San Mateo to perform administrative, legislative and oversight duties in the City of San Mateo and was assigned to the City Council.

    a. At all relevant times, this cross-defendant was acting as the agent, servant, and employee of cross-defendant City of San Mateo.

    b. This cross-defendant is sued individually and in his official capacity.

36. At all times relevant to this action, cross-defendant Jon Lee was a City Councilman, employed by the City of San Mateo to perform administrative, legislative and oversight duties in the City of San Mateo and was assigned to the City Council.

    a. At all relevant times, this cross-defendant was acting as the agent, servant, and employee of cross-defendant City of San Mateo.

    b. This Cross-defendant is sued individually and in his official capacity.

37. At all times relevant to this action, Cross-defendant Jan Epstein was a City Councilman, employed by the City of San Mateo to perform administrative, legislative and oversight duties in the City of San Mateo and was assigned to the City Council.

    a. At all relevant times, this Cross-defendant was acting as the agent, servant, and employee of cross-defendant City of San Mateo.

b. This Cross-defendant is sued individually and in his official capacity.

38. At all times relevant to this action, Cross-defendant San Mateo Police Chief Susan Manheimer was police chief, employed by the City of San Mateo to perform administrative and oversight duties in the City of San Mateo and was assigned to the police department.

   a. At all relevant times, this Cross-defendant was acting as the agent, servant, and employee of cross-defendant City of San Jose.

   b. This Cross-defendant is sued individually and in her official capacity.

39. At all times relevant to this action, Cross-defendant San Mateo Police Officers (John Does) were police officers employed by the City of San Mateo Police Department, with issued badge numbers unknown. These Cross-defendant's identities are currently unknown to and undiscoverable yet by Cross-Complainants. The Cross-Complainants will amend this complaint to state the true name of each "John Doe" as soon as possible. Each "John Doe" was assigned to the San Mateo Police Department in San Mateo County.

   a. At all relevant times, these Cross-defendants were acting as the agents, servants, and employees of Cross-defendant City of San Mateo.

   b. These Cross-defendant are sued individually and in their official capacities.

40. The Cross-defendant City of San Mateo is a municipal corporation within the State of California and, at all times relevant to this action, it employed other Cross-defendant's in this action.

41. At all times relevant to this action, Cross-defendant Adrienne J. Tissier was the President of the San Mateo County Board of Supervisors, employed by the County of San Mateo to perform administrative, legislative and oversight duties in the County of San Mateo.

   a. At all relevant times, this Cross-defendant was acting as the agent, servant, and employee of Cross-defendant County of San Mateo.

   b. This Cross-defendant is sued individually and in her official capacity.

CROSS-COMPLAINT, Stewart v Sordelli dba SFPCU, Case #C08 02143,
United States District Court, Northern District of California, San Jose Division

42. At all times relevant to this action, Cross-defendant Mark Church was the Vice President of the San Mateo County Board of Supervisors, employed by the County of San Mateo to perform administrative, legislative and oversight duties in the County of San Mateo.

  a. At all relevant times, this Cross-defendant was acting as the agent, servant, and employee of cross-defendant County of San Mateo.

  b. This Cross-defendant is sued individually and in his official capacity.

43. At all times relevant to this action, Cross-defendants Jerry Hill, Richard S. Gordon, Rose Jacobs were members of the County Board of Supervisors, employed by the County of San Mateo to perform administrative, legislative and oversight duties in the County of San Mateo.

  a. At all relevant times, these Cross-defendants were acting as the agent, servant, and employee of cross-defendant County of San Mateo.

  b. These Cross-defendants are each sued individually and in their (his/her) official capacity.

44. The Cross-defendant County of San Mateo is a municipal corporation within the State of California and, at all times relevant to this action, it employed other Cross-defendant's in this action.

45. At all relevant times and in all their actions, the police officer Cross-defendants from the Cross-defendant City of San Mateo were acting under color of law and pursuant to their authority as police personnel.

## FACTUAL ALLEGATIONS

46. In the month of January 2007, cross-defendant San Francisco Police Credit Union claims to have given a loan of its funds to Cross-Complainant William B. Stewart, III. Cross-Complainant, or his agents, made one or two payments to San Francisco Credit Union, during the following months.

47. Cross-Complainants financial position changed, as the economy of the United States of America spiraled into a recession. Cross-Complainant William B. Stewart, III, and his agents no longer made payments on the unsecured, signature loan. Cross-Complainant and his agents no longer took calls from the creditor, while awaiting an improvement in

Cross-Complainants financial situation. This hoped for and expected improvement in financial situation of Cross-Complainant did not happen due to delays in the issue of a government issued license to operate a particular business.

48. Cross-defendant SF Police Credit Union representative Ms. D. Filippo, at some point began making false allegations regarding Cross-Complainant William B. Stewart, III, including slandering his good name and character, and falsely claiming his employer did not exist. Cross-complainant's employer is a registered business in the City of San Jose for the last 12 years, the same city in which cross-complainant lives. Cross-complainant William B. Stewart, III, only knows of these actions by Debbie De Filippo and the SF Police Credit Union through his court appointed attorney, Scott Concannon, through discussions of the false and fraudulent police reports that cross-defendant De Filippo made that resulted in a false arrest, false imprisonment, denial of due process, and criminal case brought against William B. Stewart, III, based on the false allegations of Filippo and SF Police Credit Union and later dismissed by the San Mateo County District Attorney.

49. Cross-Complainant was called by a detective of the San Mateo Police Dept. named Scott Miller in 2007. Miller asked plaintiff Stewart if his employer, Larkspur, existed. Stewart told Miller that Larkspur did exist. Miller asked Stewart if there was fraud involved in the loan application to San Francisco Police Credit Union committed by Stewart. Stewart told Miller in the same telephone conversation that there was no fraud committed by Stewart. Stewart reminded Miller that the loan was an unsecured signature loan, and merely involved consumer credit.

50. Cross-Complainant became aware that San Mateo Police Dept. Scott Miller was coming to the city of San Jose, in Santa Clara County, from the city of San Mateo, in San Mateo County, to the residence of Cross-Complainant William B. Stewart, III, through reports from other household occupants and neighbors. Cross-defendant Miller began a stalking campaign and slander/libel campaign against Cross-Complainant William B. Stewart, III, for the period of approximately one full calendar year.

51. During the course of cross-defendant Miller's stalking of Cross-Complainant Stewart, Miller contacted and told other individuals living in Stewart's household that "Stewart better pay his debt or things would only get worse."

52. Cross-defendant Miller sought to intimidate Stewart's household members by leaving his business card with them, and telling them to have Cross-Complainant Stewart call Cross-defendant Miller or things would only get worse.

53. Cross-defendant Miller also sought to intimidate Stewart's household members by telling them that Stewart better call the credit union.

54. Cross-defendant Miller showed members of Cross-Complainant Stewart's household papers resembling telephone bills. Cross-defendant Miller then asked household members to confirm telephone numbers of Cross-Complainants for illegal wiretap purposes and invasion of privacy. Cross-defendant Miller approached neighbors about Stewart and slandered Cross-Complainant Stewart's good name and reputation.

55. Cross-Complainant Stewart wrote a letter and sent it to each member of the San Mateo city council, and the San Mateo City Police Chief, dated July 31, 2008, warning the Cross-defendants in their official and private capacities of Det. Scott Miller, San Mateo City Police Dept.'s illegal activities, which were outside the scope of his job description or the law. The letter described the stalking, invasion of privacy, lack of existence of any crime committed by Stewart, illegal and unfair credit collection practices of the Cross-defendant Detective Scott Miller. Stewart wrote that Cross-defendant Miller needed to be fired or sent for retraining. Cross-Complainant Stewart wrote that Cross-defendant Miller did not understand that the United States of America has never had debtors prisons, and that the matter involved an unsecured signature loan debt that did not involve any fraud on the part of Cross-Complainant Stewart, and that the consumer debt would be paid when Stewart's financial position changed. The Cross-defendant City of San Mateo and the Cross-defendant San Mateo Police Chief ignored Stewarts letter and never answered it.

56. Cross-defendants irresponsibly continued to allow, encourage or ignore Cross-defendant Detective Scott Millers continued stalking, invasion of privacy, slander and harassment of Cross-Complainant Stewart.

57. This continued dehumanization of William B. Stewart, III, led to:

    a. further abuses and violations of Stewarts civil rights and

    b. vicious assault and battery of an elderly woman (Rosalie Aubree Guancione) by the police of two city police departments one week after her knee surgery, and

    c. continued slander of the name Stewart which is used in several business enterprises and by many individuals personally, who have a claim again the cross-defendants, and

    d.  false claims of warrant to enter the house at 1461 Forrestal Ave., where the unjustified home invasion was conducted by police officers of both the San Jose and San Mateo City Police Departments.

58. Later, repeated court filings in both Santa Clara County and San Mateo County by Scott Miller, the San Mateo Asst. District Attorney, Debbie De Filippo, Spencer Scheer, the Scheer law firm on their own (to increase fees and prevent legitimate discharge of the debt through US Bankruptcy Court) and on the behalf of San Francisco Police Credit Union, their insurers of the debt, and the third party true owners of the debt who are as yet unidentified, libeled Cross-Complainant William B. Stewart's good name. These court filings were all created or instigated by SF Police Credit Union and its agents, servants and employees. William Bullock Stewart, III's name and image is used in business enterprises, both for profit and non-profit. The Stewart name is well known, as a very honest, proud and reputable name, that stands for service for over one thousand years, and it suffers both in reputation and financial value when slandered or libeled by Cross-defendants Detective Miller, and other Cross-defendants who are servants, agents or employees of the San Francisco Police Credit Union, including Ms. Debbie De Filippo.

59. Cross-defendants Jonathon Seigel, Mr Spencer P. Scheer, Scheer Law Group, LLP, Detective Scott Miller and Ms. Debbie De Filippo maliciously and negligently libeled Cross-Complainant Stewart and his employer, Cross-Complainant Larkspur, in various court filings in Santa Clara County in California Sup. Ct., Civil Division, on or before July 2007, and continue to do so.

60. Cross-defendants Jonathon Seigel, Mr Spencer P. Scheer, Scheer Law Group, LLP, Detective Scott Miller and Ms. D. Filippo maliciously and negligently libeled Cross-Complainant Stewart and his employer, Cross-Complainant Larkspur, in various police reports, communications to law enforcement officers, court filings, and court representations in San Mateo County in California Sup. Ct., Criminal Division, on or before January 2008. These actions were done secretly and surreptitiously from Cross-Complainants knowledge.

61. Cross-Complainant Stewart made a bonafide offer telephonically to pay the debt claimed by the Cross-defendant San Francisco Police Credit Union on or about February 12, 2008, to Cross-defendant agent and representative Jonathon Seigel, to be paid 150 days thereafter. Cross-defendant Jonathon Seigel, acting as a representative, agent and employee, of Cross-defendant creditor, stated to Cross-Complainant Stewart that creditor San Francisco Police Credit Union agreed to this offer. The offer tendered

by Cross-Complainant Stewart did not include payment of court costs or attorney fees of the credit union.

62. A Judge of the Superior Court, County of San Jose, had already specifically ordered that payment of attorney fees to Cross-Defendant by Stewart is denied.

63. Cross-defendant Seigel sought to defraud Cross-Complainant Stewart, by writing a stipulation that added payment of cross-defendants legal fees after the judges order that they not be paid by Stewart, without consent of Cross-Complainant Stewart. Seigel's same text of stipulation claimed falsely that Stewart had given input and agreed to those terms. When Stewart did not agree to that change in the terms of offer to tender payment, Cross-defendant Seigel falsely claimed that Stewart reneged on the bonafide offer tendering payment. Under Title 15 USC 1692, the creditor must now forgive the debt completely.

64. Cross-defendants had in January 2008, prior to entering into new contract with plaintiff Stewart in February, and unknown to plaintiff Stewart prior to false arrest in March 10, 2008, had already borne false witness and entered false testimony and false reports to cause plaintiff Stewart to be falsely arrested and falsely imprisoned in March 10, 2008, and assault and battery of Rosalie A. Guancione on March 10, 2008.

65. Cross-defendants Det. Miller and Ms. Debbie De Filippo maliciously and negligently libeled plaintiff Stewart and his employer, plaintiff Larspur, in various court filings in San Mateo County, which resulted in incidents of false arrest and imprisonment of cross-defendant Stewart for 13 days, and assault and battery against cross-defendant Guancione only one week after a knee surgery and resulting in significant further knee damage, and associated libel and business losses to Stewart University of America and other business interests involved with plaintiff Stewart.

66. Stewart was denied petition for Habeus Corpus by the Santa Clara County Superior Court Judiciary, despite his unlawful arrest and extradition from Santa Clara County, and his false imprisonment in both Santa Clara County and San Mateo County.

67. Officers of the San Mateo Police Department and the San Jose Police Department forced entry into the residence at 1461 Forrestal Avenue at 7 AM on March 10, 2008, after first surrounding the house on all sides. Officers had been pounding on the front door, saying open up, police. Officers first falsely claimed that they wanted to talk to Cross-complainant Stewart.

68. Stewart awakened from slumber, to the terror of police attacking his home. Stewart indicated to Guancione, who was wearing ear plugs, that there was a tremendous commotion and banging at the front door and that people were encircling the house on the property.

69. Guancione went to the door and opened it a crack after looking out the window, and asked to see a lawful judge signed warrant for search, seizure or arrest that was valid for that day and time. She was told that she did not need to see it by law enforcement officers standing on the front porch, who said if you open the door, we will give it to you. Then they held up a paper that was illegible to Guancione who is elderly and wears glasses. Guancione could see no judges signature and felt that it was a plain piece of paper.

70. This was the point where Guancione opened the door a crack, and what appeared to be a blank paper was thrown at Cross-complainant Guancione, and she was thrown to the ground and then handcuffed. She was told there is your warrant. Guancione was crying in pain, having had knee surgery a week before.

71. Cross-complainant Stewart came out of the bedroom with hands up in his underwear from his bed. Police officers Miller, Stewart (not related to cross-complainant William Bullock Stewart, III), and their boss, Det. Dave Peruzarro, all from the San Mateo City Police Department, County of San Mateo, handcuffed William B. Stewart, III, and then escorted Stewart back into his bedroom to get some clothes to wear. It was at this point that the police officers began taking pictures of the inside of the house, and searching the bedroom.

72. Failure by cross-defendant San Francisco Police Credit Union to accept a bonafide offer of payment of the debt and instead having plaintiff falsely arrested, constitutes a forgiveness or abolition of the debt. Plaintiff Stewart requests relief from the debt under Title 3 Uniform Commercial Code 3-603 and 604, Tender of Payment.

73. Subsequent to the Santa Clara Sup. Ct. civil debt collection case filing by cross-defendants San Francisco Police Credit Union and Michael R. Sordelli, President and CEO, San Francisco Police Credit Union, for breach of contract and fraud, plaintiff Stewart wrote three letters to cross-defendant Michael R. Sordelli, in both his public and private capacity, to in accordance with 15 U.S.C. 1692g, and 1692c(c), to provide verification and validation of the claimed debt or drop the claim against Cross-complainant William Bullock Stewart, III, as required by federal law. Plaintiff Stewart pointed out to cross-defendant Sordelli in the letters that silence is acquiescence. No direct response from cross-defendant Sordelli was received by Cross-complainant

Stewart. Cross-complainant Stewart has reason to believe that the claimed debt was inaccurate.

74. Cross-defendant Sordelli did not respond to Cross-complainant William B. Stewart, III's requests for a verification and validation of the debt. Cross-defendant Sordelli had cross-defendant Seigel write to Cross-complainant Stewart to stop sending requests to verify and validate the debt.

75. Requests for verification and validation of a civil debt are a right provided to alleged debtors under 15 U.S.C., the Federal Fair Debt Collection Practices Act.

76. As a continuing member of the San Francisco Police Credit Union through the date of this court filing, plaintiff Stewart has other continuing rights to correspond directly with his credit union president and CEO, separate and distinct from his rights as a claimed debtor, or his rights as an attorney in proper persona involved in civil litigation.

77. Failure by cross-defendant Sordelli to provide a proper verification and validation of the debt as described in Black's Law Dictionary, 6th Edition, constitutes a forgiveness or abolition of the debt. Cross-complainant Stewart requests relief from the debt under 15 U.S.C..

78. I, Rosalie Aubree` Guancione, a disabled 55 year old woman, barely able to walk due to knee surgery within the last week and still half asleep and droggy from taking pain medication for the surgery went to answer the front door. I saw 6 men outside, and another man coming from the backyard of the residence. Two men were holding the porch screen door open as if they were ready to pounce in my home upon opening of the front door, and all of them were huddling under the porch, an area of about 5' x 8'. I could not see exactly who they were. But they saw me when I looked out the window and demanded that I open the door immediately.

I opened the porch window and told them I didn't call the police, and I did not need the police. They said that they were there to arrest Bill Stewart, and they knew he was here and I had better open the door, or they would break it down.

I asked if they had a warrant or similar to show me. They then all groaned, rolled their eyes and shook their heads. I also asked why they were there to arrest Bill. They answered that he had felony charges against him and they just wanted to talk to him. Again I asked them if they had a warrant. They pressed against the screen of the window a plain white 8 ½" x 11" piece of regular white paper, with some printed information on it in font type size of approximately 10-11point, which took up only

one fifth of the page approximately 3" x 6" at the left hand top area. This plain white paper had no judge's signature on it, it did not say warrant clearly on it so it could be read easily, and so I did not believe them. In fact, I could not read the paper thru the screen at all.

Then surprisingly, detective Miller of the San Mateo Police Department himself popped his head directly in front of me at the window behind the screen and said, *"Remember when I was here last time, I told you that I would be back and make things a lot worse! Remember? Well here I am"* I think he felt he was speaking with another person in the household--Because, I never spoke to detective Miller in person at any location.

So I told them I would open the door and wanted to see the warrant, and they agreed to show me it. When I opened the door, one of the men put his foot in the door and then began pushing on it without showing me warrant or any paper or information as he had agreed to do. So I pushed back. Then more men outside the door pushed harder and pushed the door open and they came running in. Two San Jose policemen brutally and roughly grabbed me, and man handled me by twisting my hands viciously and with brute force behind my back and forcefully pushing me down to the floor. I told them that they were hurting me on my hands where I just had IV needles in my arms and hands from the week prior from knee surgery, and I needed to sit down because I just had knee surgery, and I could not stand up and or twist around as they were physically pushing and forcing me down to my knees. They didn't care. They just kept demandingly saying, *"Come 'ere you – Get down!"* They pushed me very brutally and roughly to my knees on my hardwood floor in my dining room, approximately 4 feet away from the front door where they had originally entered. There was a chair less than 2 feet away but they would not let me sit on it or help me from my knees to get to the chair. They just kept pushing me to the floor and pulling and twisting my hands and arms behind my back. They hand cuffed me extremely roughly and kept twisting my wrists and still would not let me sit down. Finally I got off the floor, on my own as best as I could with my swollen knee, and made my way to the chair approximately 3 feet away now, took off the hand cuffs and handed them back to them.

At this time, I took off the hand cuffs and handed them back to the policemen and they were very angry with me. And, asked me how I got the cuffs off. I told them that they did not need to cuff me in the first place. I just needed to sit down when they kept brutally and roughly pushing me around . I also told them again about the surgery on my knee only one week ago and I needed to sit in the chair not be on my knees on the

floor where they had pushed me down. One policeman said, *"Boy she's a piece of work!"* to Bill Stewart, but I over heard him say it.

Bill Stewart saw how the police had man handled me because he was brought out of the back room of the residence, still in his underwear and hand cuffed him less than 20 feet away from where I was.

The San Mateo police told Bill Stewart they had a warrant for his arrest and were arresting him for Grand Theft. He was not read his rights at all then upon the arrest. They then let him get dressed and they took him out of the residence and brought him to the San Jose jail.

79. Cross-complainant William B. Stewart, III, was kidnapped at 7AM from the inside of his residence at 1461 Forrestal Ave., San Jose, CA, by the joint police forces, under color of law, taken to the San Jose Main Jail on March 10, 2008 and held there until he was re-kidnapped by the San Mateo County Deputy Sheriffs Bell and Johnson, Badge #871, 566, and taken in chains to the San Mateo County Jail in Redwood City, where he remained until 11:30PM on March 22, 2008.

80. The conditions of both jails was deploreable. Stewart was placed in rooms with hostile and mentally ill inmates and ignored, told to use showers with scalding water whose temperature was unadjustable. Given meals where only one meal a week had meat in it. Was treated with rebuke by corrections guards who assumed that anyone in the jail was guilty, even if they were awaiting trial. Stewart's petition for writ of habeas corpus was ignored for three weeks until he had already been released on bail.

81. The judge who presided over the arraignment hearing did not identify himself as a retired commissioner, or tell Stewart that he had a right to have his arraignment heard by a full time judge. Neither did the judge reduce Stewart's bail to a fair and reasonable bail from the bail set by another judge two months before the arrest, nor would the judge give Stewart an OR release at the time of his arraignment. Stewart had been held for 57 hours already at the time of his arraignment, which is not timely and should have resulted in his immediate release, but the retired commissioner denied that also.

82. On April 16, 2008, the criminal case based on false testimony of Debbie De Filippo of the San Francisco Police Credit Union, against William Bullock Stewart, III, was dismissed due to "lack of evidence" because Filippo had lied to the police and the district attorney by claiming that Larkspur did not exist, when the 12 years of business licenses and fictitious name statements said otherwise.

83. On the other hand years of annual reports independent auditor statements about Michael R. Sordelli's San Francisco Police Credit Union indicate that the credit union does not provide it's accounting statements in accordance with the Industry Audit Guide for Audits of Credit Unions issued by the American Institute of Certified Public Accountants. Sordelli and the SFPCU's fraudlent accounting statements have fraudulently misled investors and lenders and members for years, through exaggerations of equity by $389,217,947 or as much as ten times their true equity. Had Sordelli, Spencer Scheer and his law firm, and the SFPCU not been so greedy, this fact might not have come out in public documents.

## FEDERAL THEORIES OF RECOVERY

84. The actions and omissions described above, engaged in under color of state authority by the cross-defendants (including cross-defendant Counties and Cities), sued as persons responsible because of their authorization, condonation, and ratification of the acts of their agents, deprived the plaintiffs of their rights secured to them by the Constitution of the United States, including, but not limited to, the cross-complainants:

   a. First Amendment right to freedom of expression;

   b. Fourth Amendment right to be free from unlawful seizure of each of their persons;

   c. Fifth and Fourteenth Amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police; and

   d. Eighth Amendment right to be free from cruel and unusual punishment.

## STATE LAW THEORIES OF RECOVERY

85. On April 23, 2008, the cross-complainant caused a written verified Notice of Claim to be filed with and served on the proper officers, agents, and employees of the cross-defendant Cities of San Jose and San Mateo, and Counties of Santa Clara and San Mateo, pursuant to the claims statutes governing these cases. True and correct copies of the Notices are part of the court record and are incorporated by reference in this complaint.

86. Cross-complainants claim has been denied by operation of law because less than 30 days have elapsed since the service of the Notice of Claim, and adjustment or payment of the Claim has been neglected or refused in each instance.

87. The acts and conduct alleged above constitute actionable torts under the laws of the State of California, including the tort of:

    a. False arrest and imprisonment,

    b. Assault and battery,

    c. Malicious prosecution,

    d. Abuse of process,

    e. Negligence, and

    f. Gross negligence,

## PRAYER

Cross-complainants demand the following relief:

    A. Compensatory damages in the amount of $500,000,000.00 or less as the court sees fit.

    B. Punitive damages in the amount of $500,000,000.00 or less as the court sees fit.

    C. Attorney's fees pursuant to 42 U.S.C. § 1988.

    D. An award of cross-complainants costs of suit.

    E. An award of plaintiff's lost revenue due to inability to execute on critical government filing while falsely imprisoned.

    F. Doctors and healthcare costs related to battery and emotional distress of Cross-Complainants as the court sees fit.

    G. Pain and suffering of Cross-Complainants as the court sees fit..

H. Mental and emotional distress of Cross Complainants from the post-tramatic stress syndrome the home invasion induced and other emotional trauma related to the case and it's slander, defamation and libel as the court sees fit.

I. All other relief that is appropriate under the circumstances.

Dated: _June 16, 2008_

William B. Stewart, III

Rosalie A. Guancione

R. A. Guancione, Pres. And CEO
for Stewart University of America

Elaine Cannella for General Innovations West, Inc., sole member of General Innovations West, LLC (dba Larkspur)

William B. Stewart, III, for Royal House of Stewart Corporation, Inc.

R Aubree Guancione for
General Innovations West, Inc.

RECEIVED
08 JUN 17 AM 8: 10
RICHARD W. WIEKING CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

CROSS-COMPLAINT, Stewart v Sordelli dba SFPCU, Case #C08 02143,
United States District Court, Northern District of California, San Jose Division